The Honorable Bill Walters State Senator Post Office Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion concerning the "Brady Handgun Violence Prevention Act" (Brady Act) in light of the recent decision by the United States Supreme Court in Printz v. United States,
521 U.S. ___ (decided June 27, 1997). Specifically, you have requested an opinion concerning the requirements, if any, that remain applicable to licensed gun dealers. While I will attempt to set out the general requirements of the Brady Act, I lack the resources and the authority to issue an official opinion on all the specific federal law requirements that may be applicable to federally-licensed firearms dealers. Seegenerally Op. Att'y Gen. 94-309. Questions in this regard are properly addressed to the United States Attorney or the federal Bureau of Alcohol, Tobacco and Firearms. Nevertheless, to the extent that I can answer them, your questions are restated and addressed below:
Question 1 — Is the gun dealer required, after the Supreme Courtdecision, to have the customer complete the background questionnaire?
In my opinion, the answer to your question is "yes." In Opinion No.97-253, I summarized the requirements of the Brady Act as follows:
 Pursuant to the interim provisions of the Brady Handgun Violence Protection Act, 18 U.S.C. § 922(s), federally-licensed firearms dealers are generally required to obtain the name, address, and date of birth of each prospective buyer as well as a sworn statement containing certain personal information about the buyer. 18 U.S.C. § 922(s)(1)(A)(i); see also Koog v. United States, 79 F.3d 452
(5th Cir. 1996), cert denied, Gonzales v. U.S. and U.S. v. Gonzales,
___ S.Ct. ___ (June 27, 1997). The dealer is then required to forward this information to the chief law enforcement officer (CLEO) of the place of residence of the buyer or to the particular official who has been designated to receive such notice. Id. The dealer may sell the handgun to the prospective buyer if the CLEO notifies the dealer that he has no information that would disqualify the purchaser or if the five-day period expires without a response from the CLEO. 18 U.S.C. § 922(s)(1)(A)(ii); see also Koog, supra.
In Printz, the Court concluded that the federal government could not compel state and local law enforcement officers to conduct background checks under the Brady Act. That decision, however, did not abolish the duties imposed upon federally-licensed firearms dealers. In fact, the Court specifically declined to offer any opinion on the Act's affect on firearms dealers because no firearms dealer was a party before the Court. Further, the Fifth Circuit Court of Appeals has held that the duties imposed upon federally-licensed firearms dealers are severable from the requirement that local law enforcement officers conduct background checks and therefore survive constitutional challenge. Koog,supra
Question 2 — If the gun dealer is required to have the customer completethe questionnaire, is the gun dealer required to submit it to anyone?
Pursuant to the interim provisions of the Brady Act, firearms dealers must provide notice of the contents of the statement to the chief law enforcement officer. 18 U.S.C. § 922(s). The term "`chief law enforcement officer' means the chief of police, the sheriff, or an equivalent officer or the designee of any such individual." 18 U.S.C. § 922(s)(8). In addition, federal regulations provide that where state or local law enforcement officials have notified the licensed dealer that a particular official has been designated to receive the notice and required statement, the "licensee shall provide the information to that designated official." 27 C.F.R. § 178.102. It thus appears that a dealer must complete the questionnaire and submit it to the chief law enforcement officer or designated official; however, I suggest that each dealer contact the Bureau of Alcohol, Tobacco, and Firearms to determine the official designated to receive the notice in a particular jurisdiction.[1]
Question 3 — If the five day waiting period is still required, is thereany extension to that five day waiting period required by the submissionof a background questionnaire filled out by the customer and submitted tothe Arkansas State Police. In other words, if the Arkansas State Policedo not respond, is there any requirement that the waiting period extenduntil they do?
As previously stated, in Printz, the Court concluded that the federal government could not compel state and local law enforcement officers to conduct background checks under the Brady Act. That ruling, however, did not abolish the five-day waiting period. In fact, the Court declined to offer any opinion on whether firearms dealers remain obligated to wait five business days because no firearms dealer was a party before the Court. In addition, the Fifth Circuit Court of Appeals has held that the five-day waiting period is severable from the requirement that local law enforcement officers conduct background checks and therefore survives constitutional challenge. Koog, supra. It is therefore my opinion that the five-day waiting period remains in effect.
Pursuant to the interim provisions of the Brady Act, a federally-licensed firearms dealer generally may not sell, deliver, or transfer a handgun to an individual unless:
 (I) 5 business days (meaning days on which State offices are open) have elapsed from the date the transferor furnished notice of the contents of the statement to the chief law enforcement officer, during which period the transferor has not received information from the chief law enforcement officer that receipt or possession of the handgun by the transferee would be in violation of Federal, State, or local law; or
 (II) the transferor has received notice from the chief law enforcement officer that the officer has no information indicating that receipt or possession of the handgun by the transferee would violate Federal, State, or local law.
18 U.S.C. § 922(s)(1)(A)(ii) (emphasis supplied). Accordingly, if the federally-licensed firearms dealer has received no notice from the chief law enforcement officer, then he or she may deliver the handgun after five business days have elapsed.
Question 4 — Is there any requirement that two extra days be allowed formailing time concerning the Brady Bill background questionnaire?
It is my opinion that the five-day waiting period does not begin until the chief law enforcement officer receives actual notice of the contents of the information contained in the "background questionnaire." The Brady Act provides that, within one day after the prospective purchaser furnishes the required statement, the federally-licensed firearms dealer must provide notice of the contents of the statement to the chief law enforcement officer. 18 U.S.C. § 922(s)(1)(A). In addition,18 U.S.C. § 922 (s)(1)(A)(ii)(I) provides that five business days must have elapsed from the date that the dealer "furnished notice" of the contents of the statement to the chief law enforcement officer. Finally, federal regulations provide that the notice shall be actual notice and that, if the notice is in writing, the five day waiting period begins at the time such written notice is received by the chief law enforcement officer. 27 C.F.R. § 178.102.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] In Opinion No. 94-174, this office opined that in Arkansas, the Arkansas State Police had been designated to receive the notice; however, after Printz, it is unclear whether dealers are to notify another agency or official.